FS Med. Supplies, LLC v. TannerGAP, Inc., 2026 NCBC 61.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV018254-590

FS MEDICAL SUPPLIES, LLC,

          Plaintiff,

v.

TANNERGAP, INC.; TANNER
PHARMA UK LIMITED; RAYMOND
FAIRBANKS BOURNE a/k/a
"BANKS" BOURNE; and MARY
EVERETT WHITEHURST BOURNE
a/k/a "MOLLY" BOURNE,

          Defendants.

**ORDER AND OPINION ON
DEFENDANTS' MOTIONS TO
DISMISS**

1. This matter is before the Court on Defendants' motions to dismiss Plaintiff's complaint on the basis of the prior pending action doctrine, failure to state a claim upon which relief can be granted, and other matters set forth in their motions. (ECF Nos. 21, 24).

2. Having considered the complaint, the motions, the arguments of counsel, and applicable law, the Court hereby **GRANTS** Defendants' motions as set forth below.

> *Arnold & Porter Kaye Scholer LLP, by Kent A. Yalowitz and Eliseo Ricardo Puig, and Maynard Nexsen PC, by Lex M. Erwin and Kevin Zhao, for Plaintiff FS Medical Supplies, LLC.*

> *McGuireWoods LLP, by Bradley R. Kutrow, Jessica O'Brien Peretz, Mark E. Anderson, and Brian A. Khan, for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited.*

*Robinson, Bradshaw & Hinson, P.A., by Robert W. Fuller, Amanda Pickens Nitto, and Anna Claire Tucker, for Defendants Raymond Fairbanks Bourne a/k/a "Banks" Bourne and Mary Everett Whitehurst Bourne a/k/a "Molly" Bourne.*

Houston, Judge.

## I. BACKGROUND

3. Defendants' motions are raised pursuant to Rule 12(b)(6). (ECF Nos. 21, 24).[1]

4. In resolving a motion under Rule 12(b)(6), the Court limits its review to matters properly considered on such a motion, including the complaint and materials incorporated therein, matters subject to judicial notice, arguments of counsel, and applicable law. *Blue v. Bhiro*, 381 N.C. 1, 6 (2022) ("[M]emoranda of points and authorities as well as briefs and oral arguments . . . are not considered matters outside the pleading" and are appropriately considered in resolving Rule 12(b)(6) motions. (citation omitted)); *Funderburk v. JPMorgan Chase Bank, N.A.*, 241 N.C. App. 415, 420 (2015) (explaining that trial courts are permitted to take judicial notice of and consider other court filings in ruling on a Rule 12(b)(6) motion); *Brinkley-Caldwell v. Britthaven, Inc.*, 264 N.C. App. 637, at *2, 2019 N.C. App. LEXIS 245, at *3–4 (2019) (unpublished) (holding that "[a] court may consider publicly noticeable

---

[1] "Invocation of the prior action pending doctrine is a form of 'plea in abatement,'" and "[w]hen applicable, the prior action pending doctrine will operate as grounds for dismissal under Rule 12(b) of the North Carolina Rules of Civil Procedure." *LMSP, LLC v. Town of Boone*, 260 N.C. App. 388, 391 (2018) (citations omitted). "A plea in abatement based on a prior pending action, although not specifically enumerated in Rule 12(b) of the Rules of Civil Procedure, is a preliminary motion of the type enumerated in Rule 12(b)(2)–(5)[.]" *Brooks v. Brooks*, 107 N.C. App. 44, 47 (1992) (citation omitted); *Lexington Ins. Co. v. State*, 300 N.C. App. 499, at *2 (2025) (unpublished) (reviewing a motion to dismiss under the prior pending action doctrine "de novo" similar to review of an order resolving a Rule 12(b)(6) motion).

documents without converting a motion to dismiss to a motion for summary judgment" and quoting *Wood v. J.P. Stevens & Co.*, 297 N.C. 636, 641 (1979), for the proposition that "[i]t is clear that judicial notice can be used in rulings on . . . motions to dismiss for failure to state a claim").

5. Thus, the Court summarizes the factual allegations of the complaint and information properly subject to judicial notice and accepts the well-pleaded allegations of the complaint as true. *See Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679 (2022); *Moch v. A.M. Pappas & Assocs., LLC*, 251 N.C. App. 198, 206 (2016) (noting that courts "can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint" (citations omitted)); *Estevez v. C&S Com., LLC*, 2025 NCBC LEXIS 166, at *1 (N.C. Super. Ct. Nov. 25, 2025).

6. In this case, plaintiff FS Medical Supplies, LLC ("**FS Med**") is a Delaware company based in Texas. The company was founded at "the beginning of the COVID-19 pandemic in order to source personal protective equipment . . . and other COVID-related products." (ECF No. 3, ¶¶ 11, 23).

7. Defendants TannerGAP Inc. and Tanner Pharma UK Limited (collectively, the "**Tanner Defendants**"), along with several affiliates, are "pharmaceutical services provider[s]" with operations in Charlotte, North Carolina. (ECF No. 3, ¶¶ 12–14). Defendant Raymond Bourne is the sole officer and shareholder of TannerGAP and serves as director and majority member of Tanner Pharma with his wife,

defendant Mary Bourne, holding the remaining minority membership interest in the company. (ECF No. 3, ¶¶ 17–18).

8. This case arises from a series of contractual relationships between FS Med and the Tanner Defendants concerning the procurement and distribution of medical masks during the height of the Covid-19 pandemic. (*See generally* ECF No. 3).

9. The parties' relationship soured shortly after it began, and Plaintiff promptly commenced filing cases against Defendants in courts across the United States. (ECF No. 3, ¶¶ 164–79).

10. To that end, since March 2021, Plaintiff has filed at least five separate lawsuits against all or some of the Defendants—not including additional appeals to the United States Court of Appeals for the Fourth Circuit. These cases include:[2]

    a. *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 21CV378568 (Santa Clara Cnty., Cal. Super. Ct. Mar. 24, 2021), as removed to federal court in *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 5:21-CV-03017 (N.D. Cal.) ("**Case I**") (naming the Tanner Defendants as defendants);

    b. *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:21-CV-00501 (W.D.N.C.) ("**Case II**") (naming as defendants the Tanner Defendants and Mr. Bourne, as well as others);

---

[2] Plaintiff generically references the existence of each of these cases and its filings in the proceedings against Defendants in California and the United States District Court for the Western District of North Carolina. (*See* ECF No. 3, ¶¶ 164–81). In its discretion, the Court takes notice of and considers the case names and numbers and the procedural posture of those cases as reflected in state and federal court records. N.C. R. Evid. 201; *Funderburk*, 241 N.C. App. at 420; *Brinkley-Caldwell*, 264 N.C. App. 637, at *2. The Court need not, and does not, take judicial notice of those courts' findings as to any specific matters, which are not relevant to resolution of this action.

c. *FS Med. Supplies, LLC v. Tanner Pharma UK Limited.*, No. 3:23-CV-00598 (W.D.N.C.) (**"Case III"**) (naming Tanner Pharma and the Bournes as defendants);

d. *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:25-CV-00102 (W.D.N.C.) (**"Case IV"**) (naming as defendants all Defendants); and

e. The instant action (**"Case V"**) (naming as defendants all Defendants).

(*See* ECF No. 3, ¶¶ 164–81).

11. Case I, filed in California state court in March 2021 before being removed to federal court in California, was ultimately dismissed for lack of personal jurisdiction in July 2021. (ECF No. 3, ¶¶ 164–65); *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 21CV378568 (Santa Clara Cnty., Cal. Super. Ct. Mar. 24, 2021); *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 5:21-CV-03017 (N.D. Cal.).

12. Cases II (filed in September 2021) and III (filed in September 2023) were both filed in the United States District Court for the Western District of North Carolina and were ultimately consolidated for the limited purpose of discovery. (ECF No. 3, ¶¶ 166–72); *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:21-cv-00501-RJC-WCM, 2024 U.S. Dist. LEXIS 45492, at *4 (W.D.N.C. Mar. 14, 2024) (granting in part and denying in part motion to consolidate).

13. Though FS Med "maintains that the federal court has jurisdiction" over Cases II and III, (ECF No. 3, ¶ 177), those cases were subsequently dismissed for lack of subject matter jurisdiction, with the dismissals affirmed by the United States Court of Appeals for the Fourth Circuit by an opinion issued on 25 June 2026, while

the present motions were pending before this Court. (*See generally* ECF No. 42.1); *FS Med. Supplies, LLC v. Tanner Pharma UK Ltd.*, Nos. 25-2199, 25-2200, 2026 U.S. App. LEXIS 18559, at \*12 (4th Cir. June 25, 2026).[3]

14.    Case IV (which FS Med refers to as "*Tanner III*") was filed on 11 February 2025, nearly fourteen months before this action was filed. (ECF No. 3, ¶ 178). *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:25-CV-00102 (W.D.N.C.).

15.    In Case IV, the named parties are the same as the named parties in this case (Case V): FS Medical Supplies, LLC, as Plaintiff, and TannerGAP, Inc., Tanner Pharma UK Limited, Raymond Fairbanks Bourne, and Mary Everett Whitehurst Bourne, as Defendants. (*See* ECF No. 3, ¶¶ 177–79; *see generally* ECF No. 3); *FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:25-CV-00102 (W.D.N.C.). Further, as in this case, Plaintiff has asserted causes of action in Case IV against (i) the Tanner Defendants for breach of contract, (ii) the Tanner Defendants and Mr. Bourne for violations of N.C. Gen. Stat. § 75–1.1 *et seq.* and piercing the corporate veil/alter ego, and (iii) Tanner Pharma, Mr. Bourne, and Mrs. Bourne for allegedly voidable transfers under Chapter 39 of the North Carolina General Statutes or "transfer[s] without receiving reasonably equivalent value." *See generally FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:25-CV-00102, 2025 U.S. Dist. Ct. Pleadings LEXIS 995273 (W.D.N.C. Feb. 11, 2025).

---

[3] While the pendency of that appeal was the focus of a much of the parties' briefing, (*e.g.*, ECF No. 37 at 1–3, 13–18; ECF Nos. 38, 39), the disposition of the appeal does not affect the Court's analysis or ruling because Case IV remains pending. The Court therefore need not, and does not, further address the appeal.

16. Defendants have moved to dismiss Case IV for lack of subject matter jurisdiction under 28 U.S.C. § 1359. (ECF No. 3, ¶ 179).

17. While the presiding magistrate judge recommended on 3 February 2026 that Defendants' motion to dismiss Case IV be granted, the presiding District Court judge has not yet ruled on that recommendation. *See generally FS Med. Supplies, LLC v. TannerGAP, Inc.*, No. 3:25-CV-00102-SCR-WCM, 2026 U.S. Dist. LEXIS 91479, at *3, 2026 LX 277393, at *3 (W.D.N.C. Feb. 3, 2026) (recommending dismissal).

18. Thus, there has been no final resolution or disposition of Case IV, and Case IV remains pending in federal court. (ECF No. 3, ¶¶ 177–81).[4]

19. The parties have been "litigating the claims asserted in this lawsuit since 2021 in federal court," and, as Plaintiff concedes, those claims "are still pending" in federal court. (ECF No. 3, ¶ 180).

20. Nonetheless, Plaintiff "file[d] this action in the North Carolina Superior Court of Mecklenburg County, *while the federal cases are still pending*" in a purported effort "to have the claims decided on their merits." (ECF No. 3, ¶ 181 (emphasis added)).

21. To that end, FS Med filed this action on 31 March 2026, asserting putative causes of action against (i) the Tanner Defendants for breach of contract, (ii) the Tanner Defendants and Mr. Bourne for violations of N.C. Gen. Stat. § 75–1.1 *et seq.* and piercing the corporate veil/alter ego, and (iii) Tanner Pharma, Mr. Bourne, and

---

[4] *See United States v. O'Neil*, 352 Fed. Appx. 859, 863 (4th Cir. 2009) (unpublished) ("When a matter is referred, the judge may freely reject the magistrate's recommendation. He may rehear the evidence in whole or in part." (quoting *Peretz v. United States*, 501 U.S. 923, 938 (1991))); 28 U.S.C. § 636(b)(1).

Mrs. Bourne for allegedly voidable transfers under Chapter 39 of the North Carolina General Statutes or "transfers without receiving reasonably equivalent value." (*See generally* ECF No. 3).

22. Plaintiff's causes of action in this case (Case V) are substantially the same causes of action raised in Case IV and are asserted against the same Defendants as in Case IV. Plaintiff also seeks substantially the same relief, including money damages, treble damages, attorneys' fees, costs, injunctive relief, a constructive trust, an accounting, and interest. (*Compare* ECF No. 3, *with FS Med. Supplies, LLC v. TannerGAP, Inc.*, 2025 U.S. Dist. Ct. Pleadings LEXIS 995273 (W.D.N.C. Feb. 11, 2025)).

23. Defendants filed their motions to dismiss this action on 1 May 2026. (ECF Nos. 21, 24).

24. The parties have briefed the instant motions, and the Court held a hearing on 22 June 2026 at which all parties were represented by their counsel of record. (ECF No. 40).

## II. ANALYSIS

25. With their motions, Defendants assert three primary bases for dismissal: (i) the prior pending action doctrine, (ii) facial violations of the applicable statutes of repose and limitations, and (iii) substantive pleading deficiencies. (*See generally* ECF Nos. 22, 25). As this action is properly resolved based on the prior pending action doctrine given the pendency of Case IV in the United States District Court for the Western District of North Carolina, the Court limits its analysis to that issue.

26. "[W]here a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558 (1990); *Town of Apex v. Rubin*, 388 N.C. 236, 245 (2025). "This is so because the court can dispose of the entire controversy in the prior action and in consequence the subsequent action is wholly unnecessary. By abating the second action, a multiplicity of actions is prevented." *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 20 (1990).

27. Ultimately, the general test for determining the applicability of the doctrine is whether "the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded[.]" *Cameron v. Cameron*, 235 N.C. 82, 85 (1952) (citations omitted); *Rubin*, 388 N.C. at 246. However, as the Supreme Court of North Carolina has made clear, the rule may apply "even where the first suit demand[s] remedies clearly distinct from the second." *Rubin*, 388 N.C. at 247 (citations omitted); *Lexington*, 300 N.C. App. at *3 ("We do not construe the language 'same parties for the same subject matter' literally—instead, we ask 'do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?' If there is substantial similarity between those material characteristics of the actions, 'the subsequent action is wholly unnecessary and, in the interests of judicial economy, should be subject to a plea in abatement.'" (internal citations and punctuation omitted)).

28. For purposes of the doctrine, "[a]n action is pending 'until its final determination by judgment.'" *Rubin*, 388 N.C. at 245 (citations omitted). This

includes any proceeding in the appellate court arising from an appeal as of right. *Id.*; *Clark*, 326 N.C. at 20.

29. As North Carolina's appellate courts have recognized, the prior pending action doctrine applies to actions filed in both the state and federal courts of North Carolina, with no substantive distinction between the two. *See Eways*, 326 N.C. at 560–61 ("[A] prior action pending in a federal court within the territorial limits of the state constitutes grounds for abatement of a subsequent state action on substantially similar grounds between the same parties."). Thus, federal courts are generally considered courts of "like jurisdiction" to state courts for purposes of the doctrine. *Id.* at 559–60.

30. Here, in its complaint, briefing, and at the hearing before the Court, FS Med has conceded through its attorneys that Case IV is a previously filed and pending action in federal court with the same parties and causes of action as in this case, such that Case IV subsumes the matters before this Court. (*See, e.g.*, ECF No. 3, ¶ 177; ECF No. 37 at 13–14).

31. As between Case IV (the first-filed case) and Case V (i.e., this case), the "parties, subject matter, issues involved, and relief demanded" are substantially the same, and counsel for FS Med conceded as much during the hearing before the Court.

32. The United States District Court for the Western District of North Carolina, where Case IV is pending, is a federal district court sitting within the territorial limits of the State of North Carolina.

33.     Thus, applying the *Eways* analysis to this case, "since there is a prior action still pending . . . in the federal district court sitting within the territorial limits of this state on the same matter between the same parties, the present action is necessarily abated and the suit [is] properly dismissed." *Eways*, 326 N.C. at 554.

34.     This could, and should, be the end of the analysis.

35.     Nonetheless, FS Med contends that the prior pending action doctrine does not apply because the federal court lacks subject matter jurisdiction in Case IV—even though FS Med filed the case and even though the federal court has made no such final determination. FS Med therefore argues that this Court should (i) unilaterally determine that the federal court lacks jurisdiction (before the federal court itself has done so) and (ii) retain jurisdiction over this case. (ECF No. 37 at 3, 13–14 (contending that "this Court [should] proceed on the assumption that [the federal court] will not be an option and that the case will remain in this Court")).[5]

36.     As FS Med's arguments are unavailing, the Court declines to do so.

37.     First, absent any ruling by the federal district court judge on the magistrate judge's recommendation in Case IV, this Court will not simply assume that the federal court lacks jurisdiction over Case IV and proceed as if that case does not exist. Rather, that determination is for the federal court to resolve. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–53 ("[S]ubject-matter jurisdiction . . . may not be attacked

---

[5] Of course, this argument appears to be at odds with FS Med's own allegation in its complaint in this action that the federal district court has jurisdiction over the cases filed by FS Med. (*Compare* ECF No. 3, ¶¶ 178–80, *with* ECF No. 37 at 3). The Court need not address the parties' estoppel arguments on that point, however, as the case is appropriately abated and dismissed based on the prior pending action doctrine.

collaterally." (citations omitted)); *see Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940) ("[Federal courts] are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally.").

38.    This Court declines FS Med's invitation to "proceed on the assumption" that the federal court will dismiss FS Med's action. Practically, if adopted, FS Med's reasoning would require every judge presiding over a subsequently filed case to act as the arbiter of the initial court's jurisdiction, either second guessing that original court's determinations or jumping to conclusions before the original court rules on its own jurisdiction. Such second-guessing and advisory opinions would plainly frustrate the core justifications for the prior pending action doctrine. *See Rubin*, 388 N.C. at 247; *DOT v. Stimpson*, 258 N.C. App. 382, 390 (2018) ("The doctrine is intended to prevent the maintenance of a subsequent action [that] is wholly unnecessary and, for that reason, furthers the interest of judicial economy." (citation and internal quotation marks omitted)).

39.    Second, even if this Court were to assume that the federal court does not have subject matter jurisdiction as FS Med argues, application of the prior pending action doctrine is not contingent on the first court's final determination of its subject-matter jurisdiction, and this argument would not preclude this Court's determination

that this action should be abated and dismissed. *See Clark*, 326 N.C. at 20 (affirming dismissal of action and expressly declining to adopt the plaintiff's position that lack of subject matter jurisdiction precluded application of the prior pending action doctrine).

40. Language in early cases from the Supreme Court of North Carolina suggested that the court presiding over an earlier-filed case necessarily needed subject matter jurisdiction for the prior pending action doctrine to apply. *See, e.g.*, *Perry v. Owens*, 257 N.C. 98, 102 (1962) ("To invoke the [doctrine], it must appear that the court in which the prior action is pending has jurisdiction to hear and determine the counterclaim and to enter and enforce a judgment thereon." (internal citations omitted)).

41. More recently, however, the Supreme Court has expressly declined to adopt that position and has made clear that the existence of a prior pending action necessarily precludes a subsequent action between the same parties on the same issues. *See Clark*, 326 N.C. at 20 ("On this appeal, *plaintiffs have urged this Court to find* that the plea in abatement should not have been granted . . . because the pendency on appeal of a prior action dismissed for *lack of subject matter jurisdiction* should not be grounds for abating a subsequent action brought on similar grounds. *We decline to adopt [that] argument* . . . and find that the plaintiffs' complaint in the present case was correctly dismissed." (emphasis added)); *see also Rubin*, 388 N.C. at 247 ("Where an action is pending between the parties, a plaintiff *cannot* bring another action involving the same subject matter and the same

defendant even where the first suit demanded remedies clearly distinct from the second." (emphasis in original) (citation and internal marks omitted)).

42. Accordingly, despite FS Med's arguments, the prior pending action doctrine applies, and this action is appropriately abated and dismissed in light of the prior pending action in Case IV. *See Rubin*, 388 N.C. at 248 (remanding "with instructions for further remand to the trial court to dismiss the action with prejudice" in a similar case); *Weaver v. Early*, 325 N.C. 535, 539 (1989) (determining that the trial court appropriately dismissed an action on the basis of the prior pending action doctrine); *LMSP, LLC v. Town of Boone,* 260 N.C. App. 388, 391–93 (affirming the trial court's order of dismissal with prejudice based on the prior pending action doctrine).[6]

43. Further, in light of appellate case law providing variously for dismissals with and without prejudice under the circumstances, the Court determines in its discretion that abatement and dismissal is appropriately granted in this action without prejudice to FS Med's ability to proceed with its current causes of action and litigation in Case IV and other pending litigation between the parties.[7] *See, e.g.*, *Rubin*, 388 N.C. at 248, 256 (remanding for dismissal with prejudice of causes asserted in pending action but without prejudice to plaintiff's ability to pursue remedies in the earlier filed case); *Weaver*, 325 N.C. at 539 (holding that dismissal was appropriate before the Superior Court but that the plaintiff could continue with

---

[6] Though not specifically referenced by the Court of Appeals, the trial court's order of dismissal that was affirmed by the Court of Appeals expressly provided that dismissal was with prejudice. *See LMSP, LLC v. Town of Boone*, No. 16CVS000623-940 (Watauga Cnty., N.C. Super. Ct. June 5, 2017).

[7] Ordinarily, "[t]he decision to dismiss an action with or without prejudice is in the discretion of the trial court[.]" *First Fed. Bank v. Aldridge,* 230 N.C. App. 187, 191 (2013).

proceedings in the earlier-filed District Court action, such that it was without prejudice to those proceedings); *LMSP,* 260 N.C. App. at 391–93 (affirming order of dismissal with prejudice); *Vette v. Santos*, 300 N.C. App. 609, 2025 N.C. App. LEXIS 602, at *10 (2025) (unpublished) (affirming dismissal without prejudice); *Khashman v. Khashman*, 248 N.C. App. 836, 2016 N.C. App. LEXIS 780, at *21 (2016) (unpublished) (affirming dismissal but remanding with instructions "for entry of an order dismissing th[e] action without prejudice to plaintiff's right to have the relevant issues and claims decided in the [earlier-filed] district court" action).

44. Because the Court resolves the motions on the basis of the prior pending action doctrine, the Court need not, and does not, reach the merits of the parties' remaining arguments.

### III.   CONCLUSION

45. Therefore, the Court **GRANTS** Defendants' motions to dismiss, and this matter is hereby **ABATED** and **DISMISSED**, without prejudice to FS Med's ability to proceed with its causes of action and litigation in Case IV and other pending litigation between the parties.

      **SO ORDERED**, this 2nd day of July 2026.

/s/ Matthew T. Houston

Matthew T. Houston
Special Superior Court Judge
 for Complex Business Cases